IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY WARREN,

      Plaintiff,

vs.                                                                             No. 24cv135 WJ/SCY

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.

## ORDER FOR CERTIFICATE OF SERVICE

The Court issues this Order to ensure that Defendant has served Plaintiff the Administrative Record. As set forth below, filing the Administrative Record on the docket does not constitute service to a pro se Plaintiff who has not consented to service through electronic filing. Typically, the Commissioner files a certificate of service indicating how it has served a plaintiff. However, it has not filed such a certificate of service in this case. The Court therefore orders it to do so. If the Commissioner takes the position that filing the Administrative Record on the docket constitutes sufficient service, it may, by July 16, 2024, file a brief in support of its position rather than a certificate of service.

Defendant filed the Administrative Record on the docket via CM ECF on June 27, 2024. Doc. 17. Such filing, however, does not always constitute service for purposes of Federal Rule of Civil Procedure 5. *See* D.N.M.LR-Civ. 5.1(a) ("Electronic filing constitutes service for purposes of Fed. R. Civ. P. 5, except as to parties excused from electronic filing by Federal rules, these rules, or Court order."). Pro se plaintiffs, such as Plaintiff here, must consent to email service in writing. Fed. R. Civ. P. 5(b)(2)(E). As far as the Court is aware, Plaintiff has neither consented to email service in writing nor registered for automatic service via the CM ECF electronic filing

service. Absent consent in writing, Defendant is required to serve the Administrative Record on Plaintiff by hand or by mail. Fed. R. Civ. P. 5(b)(2)(A)-(C). The Administrative Record filing does not include a certificate of service. *Cf.* Doc. 17. However, "[w]hen a paper that is required to be served is served by other means . . . a certificate of service must be filed with it or within a reasonable time after service." Fed. R. Civ. P. 5(d)(1)(B), (i).

Therefore, by **Tuesday, July 16, 2024**, Defendant shall file a certificate of service on the docket reflecting the means of service of the Administrative Record on Plaintiff or, in the alternative, a brief as to why such certificate of service is unnecessary.

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE